IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DANIEL G. BLACKBURN, | * |
| Plaintiff, | * |
| vs. | *   Civil Action No. 20-CV-28-KD-B |
| CITY OF ORANGE BEACH, AL, | * |
| Defendant. | * |

ORDER

On March 12, 2021 a motion for summary judgment (doc. 48) was filed by Plaintiff, Daniel G. Blackburn. Any party opposing the motion must file a **response in opposition** on or before **April 2, 2021**. **(Please note that Judge DuBose's response time is shorter than that set out in Civil L.R. 56).** The response must conform to the requirements set forth in Rule 56 of the Federal Rules of Civil Procedure and Civil L.R. 7 and 56. If the moving party deems it necessary to reply, the **reply brief** must be filed on or before **April 9, 2021.** (*i.e.,* seven calendar days after response is due).

The court will take this motion under submission on **April 12, 2021**. Once the motion is taken under submission no further briefs, pleadings or submissions related to the issues raised on summary judgment may be filed unless the proponent obtains leave of court for good cause shown. This motion for summary judgment is being submitted without oral argument. Should the court determine that oral argument is necessary, a hearing date will be scheduled later.

**NOTICE TO UNREPRESENTED PARTIES**

If any party is appearing without counsel (*pro se*), they are advised out of a height of caution that the granting of this motion would represent a final adjudication of the matters raised in the motion which may foreclose subsequent litigation on those matters. *See McBride v. Sharpe,* 25 F.3d 962, 968 (11th Cir. 1994)(*en banc*) *cert. denied,* 513 U.S. 990, 115 S.Ct. 489, 130 L.Ed.2d 401 (1994)(Moreover, when a *pro se* litigant is involved, we have interpreted Rule 56(c) to require that the district court specifically inform the litigant (1) of the need to file affidavits or other responsive materials, and (2) of the consequences of default.)

EXPLANATION OF RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE: The summary judgment procedure established in Rule 56 provides a means of promptly disposing of cases without a trial where there is no genuine issue as to any material fact or where only a question of law is involved. Summary judgment goes to the merits of a claim, and, if granted, will be a final decision on any claim to which it was applicable. On the other hand, a denial of a motion for summary judgment is not a decision on the merits but is simply a finding that there is an issue which can be decided only after a trial. Of course, a motion for summary judgment which is denied may be renewed at a later time if justified by the facts of the case.

A party may move for summary judgment at any time until 30 days after the close of all discovery. The response of any party opposing the motion shall be filed within the time periods established herein. Any party opposing the motion has the right to file sworn affidavits, documentary evidence, other material opposing the motion, and a brief containing any legal arguments contrary to those presented by the party who filed the motion. The evidence submitted by the party who filed the motion may be accepted as the truth if not so contradicted.

Affidavits either in support of or in opposition to a motion for summary judgment must meet the following conditions:

(1) They must show that the person making the affidavit has personal knowledge of the matters about which he swears.

(2) They must set forth <u>facts</u>, which would be <u>admissible in evidence.</u>

(3) They must affirmatively show that the person making the affidavit is competent to testify about the matters contained in his affidavit.

(4) A certified or sworn copy of any papers or documents referred to in an affidavit must be attached to the affidavit.

With permission of the court, affidavits may be supplemented, or opposed, by depositions, answers to interrogatories, or additional affidavits. **Failure to respond** to this motion for summary judgment may result in final judgment being rendered in favor of the party who filed the motion, without a full trial. It is important to note that, except in certain circumstances, a person against whom a motion for summary judgment is filed may not rely on the allegations of his pleadings. In other words, a plaintiff against whom a motion for summary judgment is filed must oppose that motion by response as provided in the rules.

If a party against whom a motion for summary judgment is pending is unable to secure affidavits to oppose the motion, that party may file a motion fully explaining why such affidavits are unavailable and may request the court to consider his difficulty in opposing the motion. If the court should find that any affidavit, either in support of or in opposition to, a motion for summary judgment was made in bad faith, the court shall order the party using a bad faith affidavit to pay to the other party his reasonable expenses, including attorney fees, incurred because of the bad faith affidavit. In addition, the party using a bad faith affidavit may be adjudged guilty of contempt.

**DONE AND ORDERED** this day of 17th day of March, 2021.

/s Kristi K. DuBose
KRISTI K. DUBOSE
CHIEF UNITED STATES DISTRICT JUDGE